UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS, a non-profit corporation; WILDERNESS WATCH, a non-profit corporation; THE FRIENDS OF SILVER CREEK, a California non-profit corporation; LAUREL AMES, an individual and ANN MCCAMPBELL, an individual,<br><br>      Plaintiffs,<br><br>  v.<br><br>U.S. FISH AND WILDLIFE SERVICE; ALEXANDRA PITTS, in her official capacity; UNITED STATES FOREST SERVICE; JEANNE M. HIGGINS, in her official capacity,<br><br>      Defendants.<br>_____/ | NO. 2:10-cv-1477 FCD CMK<br><br><u>MEMORANDUM AND ORDER</u> |

----oo0oo----

This matter is before the court on plaintiffs Californians for Alternatives to Toxics ("CAT"), Wilderness Watch, The Friends of Silver Creek, Laurel Ames, and Ann McCampbell's (collectively "plaintiffs") motion "to stay briefing schedule and to supplement

1

administrative record."[1]  Defendants United States Fish and Wildlife Service ("USFWS") and United States Forest Service ("USFS") (collectively, "defendants") oppose the motion in part. For the reasons set forth below,[2] plaintiffs' motion is GRANTED in part and DENIED in part.

**BACKGROUND**

This case arises out of plaintiffs' challenge to defendants' Final Environmental Impact Statement ("FEIS") related to the Paiute Cutthroat Trout Restoration Project (the "Project") and authorization of the Project.  (First Am. Compl., filed Sept. 20, 2010.)  The USFWS issued a Notice of Availability for the FEIS that was published in the Federal Register on April 9, 2010.  The FEIS proposed and analyzed three alternatives to restore the Paiute Cutthroat Trout ("PCT"): (1) a No Action Alternative; (2) the Proposed Action Alternative; and (3) a Combined Physical Removal Alternative.  On May 20, 2010, the USFWS issued a Record of Decision that identified the Proposed Action Alternative as its selected alternative.  The project is scheduled to be implemented in late summer or early fall 2011.

On June 15, 2010, plaintiffs filed a complaint challenging the adequacy of the FEIS and defendants' authorization of the Project.  Plaintiffs subsequently filed the operative First Amended Complaint on September 20, 2010.  During the same time

---

[1] The court interprets the motion to stay as a motion to modify the pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16.

[2] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs.  E.D. Cal. L.R. 230(g).

2

period, plaintiffs filed a parallel state action challenging state agency involvement in and approval of the Project.

On September 3, 2010, the parties submitted a Joint Status Report, which provided that the USFWS would file and serve the administrative record by October 30, 2010.  However, on October 29, 2010, the parties filed a stipulation, later ordered by the court, for an extension to file the administrative record. Subsequently, the court entered the Pretrial Scheduling Order ("PSO"), which provided that the administrative record would be filed by November 7, 2010.  Any request by plaintiffs to supplement the Administrative Record was due by December 3, 2010.[3]  Further, the PSO provided that (1) plaintiffs were to file their opening brief by January 21, 2011; (2) defendants were to file their opening and opposition briefs by February 18, 2011; (3) plaintiffs were to file their opposition and reply briefs by March 18, 2011; and (4) defendants were to file their reply briefs by April 8, 2011.  Hearing on the motions was set for April 29, 2011.

On December 3, 2010, CAT sent an email to defendants, requesting that the federal administrative record be supplemented to include (1) documents contained in the state administrative record; and (2) documents related to the planning and decisions for prior versions of the Project.  (Decl. of Julia A. Olson in Supp. of Pl.'s Mot. ("Olson Decl."), filed Jan. 21, 2011, ¶ 5.) On December 17, 2010, defendants responded to the request, asserting that (1) the Project was approved under two independent

---

[3] Pursuant to a stipulation and order filed on November 23, 2010, the court extended the time for filing such requests.

3

statutory schemes; (2) the state and federal agencies prepared their own administrative records; and (3) such administrative records may include different documents. (Id. ¶ 6.) Between late December 2010 and early January 2011, counsel for plaintiffs and defendants exchanged indices relating to the state and federal administrative records. (Id. ¶¶ 7-8.) On January 20, 2011, CAT emailed defendants a letter, which provided a detailed summary comparing the state and federal administrative records and requested that the state and federal agencies agree to use a single administrative record in the parallel proceedings. (Id. ¶ 9.) Defendants responded, asserting that, in their view, the record was complete. (Id. ¶ 10.)

On January 21, 2010, the same day they were scheduled to file their opening brief, plaintiffs filed the instant motion to stay the briefing schedule and to supplement the administrative record. Plaintiffs made five specific requests relating to different categories of documents. On February 11, 2011, defendants filed their response. With respect to plaintiffs' specific requests, defendants (1) agreed to supplement the record with "most, if not all, of the 1072 Core Documents listed in Exhibit A that are not already included in its administrative record"; (2) identified that nine of the ten "Source Documents" were already in the federal administrative record and consented to substitute the tenth document for an article that was erroneously included; (3) agreed to supplement some of the general record documents, rejected others, and identified documents that were already included; (4) refused to supplement the administrative record with the index of a September 8, 2004

4

1  public hearing of the Lahontan Regional Water Quality Control
2  Board on the grounds that it was not considered by the USFWS in
3  arriving at its decisions; and (5) accepted and rejected
4  documents referenced in comments as part of the administrative
5  record.  (Defs.' Response to Mot. To Stay, filed Feb. 11, 2011.)
6  Defendant USFWS filed its revised administrative record on
7  February 23, 2011.

## ANALYSIS

In their reply, plaintiffs argue that four categories of documents remain to be supplemented to the administrative record: (1) agency documents related to the historical range of the PCT; (2) technical references regarding PCT that are necessary to evaluate the impacts of the Project; (3) comments on prior evaluations of the Project and the evaluation of whether to issue a pollution discharge permit (the "permit") for the Project; and (4) documents in the docket for the permit.  Plaintiffs also assert that the briefing schedule must be modified based upon the filing of a comprehensive, revised administrative record.

**A.   Supplementation of the Administrative Record**

"The focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."  Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 743 (1985).  Under the APA, the validity of final agency action must be reviewed on the basis of "the whole record or those parts of it cited by a party."  5 U.S.C. § 706.  "The whole record includes everything that was before the agency pertaining to the merits of the decision."  Portland Audubon Soc'y v. Endangered Species Comm., 984 F.2d 1534, 1548

(9th Cir. 1993). "The 'whole' administrative record, therefore, consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position." Thompson v. U.S. Dep't of Labor, 885 F.2d 551, 555 (9th Cir. 1989).

An agency's designation and certification of the administrative record is entitled to a presumption of administrative regularity. McCrary v. Gutierrez, 495 F. Supp. 2d 1038, 1041 (N.D. Cal. 2007) (citing Bar MK Ranches v. Yuetter, 994 F.2d 735, 740 (10th Cir. 1993)). "In the absence of clear evidence to the contrary, courts presume that [public officials] have properly discharged their official duties." United States v. Chem. Found., 272 U.S. 1, 14-15 (1926).

The Ninth Circuit has recognized four situations where supplementation of the administrative record or discovery may be justified:

> (1) if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision; (2) if the agency has relied on documents not in the record; (3) when supplementing the record is necessary to explain technical terms or complex subject matter; or (4) where there has been a strong showing of bad faith or improper behavior on the part of agency decision makers.

Lands Council v. Powell, 395 F.3d 1019, 1030 (9th Cir. 2005) (internal quotations omitted); Animal Defense Council v. Hodel, 840 F.2d 1432, 1436 (9th Cir. 1988). "An incomplete record must be viewed as a fictional account of the actual decisionmaking process." Portland Audubon Soc'y, 984 F.2d at 1548 (internal quotations omitted). Accordingly, "[w]hen it appears the agency has relied on documents or materials not included in the record,

1  supplementation is appropriate." Id. (citing Pub. Power Council
2  v. Johnson, 674 F.2d 791, 794 (9th Cir. 1982)).  However, the
3  record does not include "every scrap of paper that could or might
4  have been created" on a subject. TOMAC v. Norton, 193 F. Supp.
5  2d 182, 195 (D.D.C. 2002); see Pac. Shores Subdivision v. U.S.
6  Army Corps of Eng'rs, 448 F. Supp. 2d 1, 5 (D.D.C. 2006) ("A
7  broad application of the phrase 'before the agency' would
8  undermine the value of judicial review.").

9      "Though widely accepted, these exceptions are narrowly
10 construed and applied" so that they do not undermine the general
11 rule.  Lands Council, 395 F.3d at 1030; Pac. Shores, 448 F. Supp.
12 2d at 5 ("Supplementation of the administrative record is the
13 exception, not the rule.").  "Were the federal courts routinely
14 or liberally to admit new evidence when reviewing agency
15 decisions, it would be obvious that federal courts would be
16 proceeding, in effect, de novo rather than with the proper
17 deference to agency processes, expertise, and decision-making."
18 Lands Council, 395 F.3d at 1030.

19     Moreover, before supplemental material may be considered
20 under any of these exceptions, a plaintiff must first make a
21 showing that the record is inadequate. Animal Defense Council,
22 840 F.2d at 1437 ("The [plaintiff] makes no showing that the
23 district court needed to go outside the administrative record to
24 determine whether the [agency] ignored information.").  A
25 plaintiff bears the burden of demonstrating that the
26 administrative record is so inadequate that judicial review would
27 be "effectively frustrated." Id. at 1436.
28 /////

7

In this case, plaintiffs have failed to meet their threshold burden of establishing that the administrative record is so inadequate that meaningful judicial review of final agency action is effectively frustrated. Indeed, in neither their moving papers nor their reply[4] do plaintiffs identify with any specificity why the exclusion of the documents at issue render the administrative record insufficient. First, with respect to documents relating to the historical range of the PCT, plaintiffs fail to demonstrate that agencies had the documents at issue before them when it made the decisions.[5] Second, with respect to the technical material referenced in comments to the agencies, plaintiffs make no showing that court would need to go outside the administrative record to determine whether the agencies ignored the information or to evaluate the discussion of alternatives. See Animal Defense Council, 840 F.2d at 1437. Finally, with respect to documents in the docket for the permit decision, plaintiffs fail to specify how such documents would be necessary to effective judicial review of the agencies' decisions.

Therefore, based upon the submissions and arguments before it, plaintiffs' motion to supplement the administrative record is

---

[4] The court notes that both of these submissions are almost wholly bereft of citation to legal authority to support plaintiffs' position.

[5] Plaintiffs cite no authority for their assertion that reports, records, and correspondence referenced in reports that were relied upon by an agency must be included in the administrative record.

DENIED.[6]

## B.  Motion to Modify the Briefing Schedule

Orders entered before the final pretrial conference may be modified only "upon a showing of good cause." Fed. R. Civ. P. 16(b). The good cause requirement of Rule 16 primarily considers the diligence of the party seeking the amendment. The pretrial scheduling order can only be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." Mammoth Recreations, 975 F.2d at 609.

When evaluating whether a party was diligent, the Ninth Circuit has determined that "the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end." Id. at 610; see also Gestetner, 108 F.R.D. at 141. The moving party may establish good cause by showing "(1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he or she] could not comply with the order." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999)(citations omitted).

---

[6] The court notes that nothing in this order precludes plaintiffs from renewing their motion to supplement the administrative record, with more specific and legally supported arguments, in their motion for summary judgment.

Plaintiffs have demonstrated good cause to amend the briefing schedule and hearing dates in the PSO. Plaintiffs present evidence that they were unable to comply with the dates for submitting requests to supplement the administrative records due to the voluminous state and federal records and the need for an index for comparison. Plaintiffs also present evidence that the parties attempted to work together to compile an agreed upon administrative record and that when those attempts proved unsuccessful, they promptly filed the instant motion. Finally, after plaintiffs filed the motion, defendants agreed to file a revised administrative record by February 23, 2011, over two months after the date set forth in the PSO. As such, there is good cause to amend the briefing schedule and hearing dates as follows:

| | |
|---|---|
| Plaintiffs' Opening Brief: | April 1, 2011 |
| Defendants' Opening/Opposition Brief: | April 29, 2011 |
| Plaintiffs' Opposition/Reply Brief: | May 18, 2011 |
| Defendants' Reply Brief: | June 3, 2011 |
| Hearing: | June 24, 2011 |

IT IS SO ORDERED.

DATED: March 2, 2011

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE