IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS, a non-profit10/21 corporation; WILDERNESS WATCH, a non-profit corporation; THE FRIENDS OF SILVER KING CREEK, a California non-profit corporation; LAUREL AMES, an individual and ANN MCCAMPBELL, an individual,<br><br>            Plaintiffs,<br><br>      v.<br><br>UNITED STATES FISH AND WILDLIFE SERVICE; ALEXANDRA PITTS, in her official capacity; UNITED STATES FOREST SERVICE; JEANNE M. HIGGINS, in her official capacity,<br><br>            Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:10-cv-01477-GEB-CMK<br><br>ORDER[*] |

Plaintiff Californians for Alternatives to Toxins ("CATT") moves for $86,299.06 in attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), prescribed in 28 U.S.C. § 2412 *et seq*. ECF No. 74. A memorandum and order was filed on September 6, 2011, in which Plaintiff was granted summary judgment on its Wilderness Act of 1964 ("Wilderness Act") claim, and Defendant was granted summary judgment on Plaintiff's remaining claims. ECF No. 65. Judgment was entered on

---

    [*]   This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

September 7, 2011.   ECF No. 67   Defendants the United States Forest
Service ("USFS") and the United States Fish and Wildlife Service
("USFSW") oppose the motion.   The Court only reaches the substantial
justification issue involved in the motion, and for the reasons stated
below, Plaintiff's motion is DENIED.

FACTUAL BACKGROUND

The facts involved with this case are stated in <u>Californians
for Alternatives to Toxics v. U.S. Fish & Wildlife Service ("CATT")</u>,
814 F.Supp.2d 992 (E.D. Cal. Sept. 06, 2011), the earlier filed order
on the parties' cross-motions for summary judgment.  Therefore, the
court recounts only those facts necessary to provide sufficient
context for the court's analysis.

Through this lawsuit, Plaintiff sought to set aside the
Defendants' decision authorizing the paiute cuthroat trout restoration
project (the "Project") in Silver King Creek.  Defendants instituted
the Project in order to restore the paiute cutthroat trout ("PCT") to
its historic range in Silver King Creek, by eradicating non-native
trout with the pesticide rotenone and restocking the treated area with
pure PCT.  Defendants selected an auger, powered by a gasoline-powered
generator, to distribute the potassium that would neutralize the
toxicity of the rotenone downstream.

Defendants assessed three alternative plans while developing
the project: the No Action Alternative ("Alternative One"); the
Proposed Action Alternative ("Alternative Two"); and the Combined
Physical Removal Alternative ("Alternative Three").  Alternative One
would have continued previous management of then existing PCT
populations in Silver King Creek, without introducing new populations
or efforts to eradicate non-native trout; Defendants concluded that

1  this alternative would not result in direct environmental benefits.
2  Alternative Two analyzed the Project at issue in this case, described
3  in the preceding paragraph.  The analysis acknowledged that this
4  alternative could result in loss of individual macroinvertebrate
5  species, potentially including rare or as yet unidentified species
6  endemic to Silver King Creek.  Alternative Three proposed using
7  non-chemical techniques (a combination of electrofishing, gill
8  netting, seining, and other physical methods) to remove non-native
9  trout from the Project area.  Defendants estimated the electrofishing
10 component would take over ten years to complete, and the
11 electrofishing batteries would be recharged with small
12 gasoline-powered generators.

13        Defendants ultimately selected Alternative Two as "the most
14 effective method to remove non-native trout within the PCT historic
15 habitat." CATT, 814 F.Supp.2d at 1000.  Defendants concluded that,
16 under the Wilderness Act, "the short term negative effects to the
17 'natural' wilderness character through introduction of chemical
18 pesticide were balanced by the improved long term natural conditions
19 of wilderness character through restoration of a native species." Id.
20 at 1021.  Defendants state they enacted the Project in order to remove
21 the PCT from the Endangered Species Act's threatened species list.

22                          PROCEDURAL HISTORY

23        Plaintiffs challenged the Project under the National
24 Environmental Policy Act ("NEPA"), the Wilderness Act, the Endangered
25 Species Act ("ESA"), the Federal Water Pollution Control Act ("Clean
26 Water Act"), the California Environmental Quality Act ("CEQA") and the
27 Administrative Procedures Act ("APA"), seeking both declaratory and
28 injunctive relief.

Plaintiffs filed a motion for summary judgment on April 3, 2011, in which they sought partial summary judgment in their favor on their NEPA and Wilderness Act claims.  On May 5, 2011, USFWS and USFS filed an opposition and cross-moved for summary judgment on Plaintiffs' other ESA, Clean Water Act and APA claims.  Oral argument was heard on the motions on August 11, 2011.  Subsequently, the court granted Defendants summary judgment on all Plaintiffs' claims except for Plaintiffs' Wilderness Act claim; and granted Plaintiffs summary judgment on that claim.

Defendants appealed the decision to the Ninth Circuit, ECF No. 69, but later dismissed the appeal voluntarily.  ECF No. 72.

STANDARD

Under the EAJA, a party litigating against the United States may recover attorneys' fees where: "(1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." Perez-Arellano v. Smith, 279 F.3d 791, 793 (9th Cir. 2002); 28 U.S.C. § 2412(d)(1)(A).  The decision to award attorneys' fees under the EAJA is within the sound discretion of the district court. Pierce v. Underwood, 487 U.S. 553, 563 (1988).

DISCUSSION

As a prevailing party, Plaintiffs are entitled to attorneys' fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A). The government's position is substantially justified if it "ha[d] a reasonable basis both in law and fact." Gutierrez v. Barnhart, 274 F.3d 1255, 1259 (9th Cir.

4

2001).  Substantially justified means "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." <u>Pierce</u>, 487 U.S. at 565.  Thus, the standard is one of objective reasonableness.

In undertaking this reasonableness calculus, the court considers: "first, whether the government was substantially justified in taking its original action; and second, whether the government was substantially justified in defending the validity of the action in court."  <u>Gutierrez</u>, 274 F.3d at 1258 (citation omitted).

Plaintiff contends that Defendants had no reasonable basis for implementing the project because, as the court held, the project "violated the wilderness act by failing to (1) balance competing values, (2) determine the most important value, and (3) justify the decision to protect that value.  <u>CATT</u>, 814 F.Supp.2d at 1019. Essentially, the court held that, while the decision to reinstate the PCT to its historical range would contribute to the overall wilderness character, the manner in which Defendants chose to implement the project—use of a gasoline-powered Auger—failed to take into account the effect the project would have on other native species, specifically invertebrates, such as stone flies.

Defendants argue they were substantially justified in both implementing the project and in defending it in court.  Defendants point to the fact that, of the assorted claims Plaintiffs asserted, under numerous statutes, Plaintiffs only prevailed on an obscure portion of their Wilderness Act claim—that defendants did not make the requisite showing that the use of the motorized vehicle was "necessary to meet minimum requirements for the purpose of [the Act]

(including measures required in emergencies involving the health and safety of persons within the area)."

16 U.S.C. § 1133(c).

Defendants were substantially justified in both implementing the project and defending it in court.  Although the court ultimately ruled that implementation of the Project gave rise to a technical violation of the Wilderness Act, it also found Plaintiffs' other arguments unavailing.

For example, the court concluded that, contrary to Plaintiffs' contention, "the USFS's decision here is persuasive in showing that restoration of the PCT to its native habitat is contained in the conservation goal of the Wilderness Act, in accordance with the Mead standard."  CATT, 814 F.Supp.2d at 1015. The court also found unpersuasive Plaintiffs' "conten[tion] that the Project's benefits to recreational fishing 'elevate recreational activity over the long-term preservation of the wilderness character of the land,' and render it entirely contrary to the Act."  Id. at 1016.

Ultimately, the court found that Defendants violated the Wilderness Act since they failed to demonstrate why the extent of the project was necessary, even though "the USFS adequately reasoned that motorized equipment was necessary to achieve conservation of PCT."  Id. at 1018.  Defendants opined that the extent of the project was necessary to ensure that restoration of the PCT was completed expeditiously.  Although Defendants endured an adverse ruling, it does not necessarily follow that Defendants were not substantially justified. Indeed, the court recognized that "the Wilderness Act requires a delicate

1  balancing between Congress' desire to maintain lands untouched by

2  humans and Congress' recognition that such an idealistic view is

3  subject to practical limitations." Id. at 1017 (quoting

4  Wilderness Watch v. U.S. Fish and Wildlife Service, 629 F.3d

5  1024, 1033 (9th Cir. 2010)).  Defendants opined that the

6  practical nature of the selected alternative—the relative speed

7  at which the project could be completed—supported its validity.

8  Notwithstanding the court's disagreement with this opinion,

9  reasonable minds could disagree with how the statute should have

10 been interpreted in the situation.  Therefore, Defendants'

11 administrative decision to select the project alternative they

12 opined to be the most practical in achieving their goal of

13 restoring the PCT was objectively reasonable, and thus, their

14 decision substantially justified.

15      In sum, the court finds that Defendants' decision

16 "ha[d] a reasonable basis both in law and fact." Gutierrez, 274

17 F.3d at 1259. First, Defendants were justified in defending the

18 action in court because: (1)  as the court held, Defendants' goal

19 of reinstating the PCT to its historical position was valid under

20 the Wilderness Act; (2) Defendants correctly found that the

21 project was necessary; and (3) reasonable minds could disagree as

22 to whether the *extent* of the project was necessary.  Second, the

23 government was justified in taking its original action because

24 the Project was a legitimate and expeditious means of restoring

25 PCT to its historical range.  Therefore, Plaintiff's motion for

26 attorney's fees is denied on the grounds that Defendants'

27 implementation of the project and subsequent legal defense of the

28 same was substantially justified.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>CONCLUSION</u>

Based on the foregoing, Plaintiff's motion for attorneys' fees is DENIED.

Dated: May 8, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge